The alleged custom not being valid to restrict the principals in the use of their own books in obtaining business and being contrary to established principles of the law, the plaintiffs had no right to rely thereon and can claim nothing by way of estoppel.

The judgments of the court of common pleas will, therefore, be affirmed.

## WRONG INTERPRETATION AS TO LIABILITY CAN NOT BE PLEADED.

Circuit Court of Cuyahoga County.

### J. S. FISHER v. DAN STANISIC.

Decided, February 27, 1911.

*Replevin Bond—Liability Extends to Final Determination of Case in Court of Review—Estoppel.*

1. A surety on a redelivery bond in replevin is bound until "the final determination of the action," and this means until the action and all reviews of it authorized by law, have been finally determined.

2. A wrong interpretation of the legal liability of a surety on a bond given by a justice of the peace to the surety, before he signs the bond, in the presence of the person for whose benefit the bond is given, and to which interpretation said person assents, can not be pleaded in an action on the bond as an estoppel or bar to said action.

*Bentley, McCrystal & Arnos,* for plaintiff in error.
*F. C. Friend,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Plaintiff in error was surety on the re-delivery bond of one George Skelley, defendant in replevin before a justice of the peace. Stanisic was plaintiff in the case.

The bond was conditioned, in accordance with General Code, 10469 "that he (the defendant) will safely keep the property and in case the judgment be against him, then return it, or pay the value so assessed, at the election of the plaintiff, and also

pay the damages assessed for the taking, detention and injury of the property, and costs of suit.''

The judgment before the justice was for the defendant, whereupon the plaintiff appealed the case to common pleas court, where judgment was rendered for the plaintiff.

Thereupon Fisher, the surety, pursuant to General Code, 12060, was notified to appear and show cause why judgment should not be entered against him for breach of the bond.

He filed answer, or response to the notice, which, on demurrer, was held insufficient; thereafter judgment was duly entered against him, and he now asks this court to review the sufficiency of his said answer.

There are two parts to this answer:

1.   The first paragraph alleges that the bond became void by its own terms and in law, when the justice determined the case in favor of the defendant.

This point is not well taken.   The statute itself provides that upon the defendant giving bond the property shall be returned by the officer to the defendant, to be retained by him until the determination of the action.''   That means final determination and an action is not finally determined until all reviews authorized by law have been exhausted.   As said by Judge Minshall in the case of *Richardson* v. *Bank*, 57 O. S., 299, at page 309:   ''By signing the undertaking he became a *quasi* party to the suit, and is held to have notice of all the proceedings thereafter in the suit that may affect his liability on the undertaking.''

The bond was executed in reference to all the statutes in force at the time, including the statute authorizing appeals to the common pleas court, and that statute is to be read into the bond.

2.   The second paragraph of the answer is as follows:

''He further says that before he signed said undertaking he applied to said justice in the presence of said plaintiff to inform him what said undertaking would mean and what liabilities he would incur by signing same and said justice then told him in the presence of the plaintiff that said undertaking provides that he would be responsible that said property should be on hand at said trial, and that if said case should be decided by said justice in favor of the plaintiff said property must be there to respond to said judgment and that that was all the

liability which said Fisher would assume and thereupon said justice then and there asked plaintiff if that would be satisfactory to him and said plaintiff thereupon responded in the presence of said Fisher that that would be satisfactory to him and that that was all he wanted, and thereupon said, Fisher relying on said assurance and agreement, signed said undertaking and otherwise he would not have done as the plaintiff then and there well knew; and said Fisher further says that said property was on hand at said place of trial to respond to said judgment. He further says that said plaintiff is estopped from prosecuting this motion against Fisher.''

The facts here pleaded do not amount to an estoppel. As said in the case of *Henshaw* v. *Bissell*, 18 Wall., 255, 271:

''An estoppel *in pais* is sometimes said to be a moral question. Certain it is that to the enforcement of an estoppel of this character, such as will prevent a party from asserting his legal rights to property, there must generally be some degree of turpitude in his character which has misled others to their injury.

''Conduct or declarations founded upon ignorance of one's rights have no such ingredient and seldom work any such result. There must be some intended deception in the conduct or declarations in the party to be estopped, or such gross negligence on his part as to amount to constructive fraud.''

No intended deception is pleaded here; at most, the justice is said to have given poor advice as to the law, which the plaintiff and defendant accepted; it is not said that the plaintiff knew the law to be otherwise. Indeed, it is likely the subject of the liability on the bond in case of an appeal was not discussed, and the plaintiff's attention not being challenged to that contingency, it follows that he was guilty of no deception regarding it.

Nor have we a case of contract here; the contract was in writing and is not to be varied by the equivocal language said to have been used.

*Bigelow on Estoppel* (5th Ed.), 773, says:

''The rule we apprehend to be this: 'That when the statement or conduct is not resolved into a statement of fact, as distinguished from a statement of opinion or of law, and does not amount to a contract, the party making it is not bound, unless

he stood in a relation of confidence toward him to whom it was made. If the statement, not being contracted to be true, is understood to be opinion, or a conclusion of law from a comparison of the facts, propositions or the like, and *a fortiori* if it is the deduction of a supposed rule of law, the party may, with the qualification stated in the last sentence, allege its incorrectness.' ''

Judgment affirmed.